Ora F. Hill, Appellee, v. Minneapolis & St. Louis Railroad Company, Appellant.

CARRIERS: Carriage of Goods—Special Contracts—Negligent Delay. An oral contract of shipment should be wholly withdrawn from the jury when it is such that the court must instruct that it is a nullity, (a) because imposing no obligation on the carrier, or (b) because providing for unlawful preferences. So held in an action for negligent delay.

*Appeal from Dallas District Court.*—Lorin N. Hays, Judge.

Monday, February 19, 1917.

Action for damages for negligent delay in the shipment of stock. There was a verdict for the plaintiff, and the defendant appeals.—*Reversed.*

*Bowen & Alberson,* for appellant.

No appearance for appellee.

Evans, J.—It appears from the petition that, on March 4, 1915, the plaintiff procured from the defendant at Rembrandt, Iowa, six cars, some of which he loaded with stock, and others with emigrant movables. His destination was Menlo, Iowa. His route was from Rembrandt to Spencer; from Spencer to Ruthven; from Ruthven to Tara; from Tara to Valley Junction. The plaintiff received written bills of lading for the shipment in each car, and accompanied his goods. At the time of the loading of his stock, a severe blizzard was raging, which continued for several days. In the afternoon of March 4th, the train arrived at Spencer, which was the end of its run, this being the point of connection with the main line. Either because of the storm or because there was no freight train due east out of Spencer until the next day, the plaintiff's stock was for the most part unloaded. There being no abatement of the storm on the following day, the cars were not moved until

the afternoon of Saturday, March 6th, when they were started to Ruthven. On the way to Ruthven, the train became stuck in a snowdrift, but after some delay reached Ruthven that evening. Being unable to proceed further on account of the storm, the stock was again unloaded and held until Monday, March 8th, when it was again loaded, and the train made its way to Valley Junction without further incident, arriving there on the morning of March 9th. Much damage is claimed to have resulted to the plaintiff from the delay and other alleged negligence.

CARRIERS: carriage of goods: special contracts: negligent delay. The plaintiff pleaded specially that, as an inducement to him to ship over the defendant's line of railway, the station agent at Rembrandt had. promised him that connections would be so made over the route that the shipments would reach Valley Junction in about 18 hours, and that the plaintiff relied upon such agreement in entering into the contract of shipment. Over the objection of the defendant, the plaintiff testified in support of such agreement. At the close of the evidence, the defendant moved to withdraw the agreement from the consideration of the jury, and this motion was overruled. The trial court instructed the jury with reference to such agreement as follows:

"Some testimony has been introduced in this case tending to show the making of an agreement between the plaintiff and the defendant, through its station agent, E. T. Classen, to the effect that the stock in controversy, if shipped over defendant's road from Rembrandt, Iowa, should make connections with the defendant's through train at Spencer, Iowa, and be transferred thereby to Ruthven, Iowa, so that it would reach Valley Junction on the following morning, to wit: March 5th. If such contract was made, and it implied no more than that defendant's train, if nothing intervened, would so connect, and that their time for arrival was as stated, then such contract would be subject to ordi-

nary conditions, and would not and could not be understood as assuming obligations on the part of the defendant as against unusual conditions in the ordinary operation of its trains and the conducting of its business.

"If, however, such contract was made, and you believe that the intention of such agreement was to extend to the plaintiff extra facilities for the shipment of his stock, not extended to other shippers over defendant's road under like conditions, then you are instructed that such contract would be illegal as being discriminatory and giving to one shipper privileges over another, and therefore such contract if so intended would be illegal and void; and if you believe such contract was in fact made, and that its purpose was to give plaintiff preference over other shippers, you are instructed that such contract would be void under the statute and could not form a basis for a recovery."

Complaint is made of this instruction. We have set it forth in two paragraphs. It will be noted that each paragraph sets forth a hypothesis. The two paragraphs are based on different hypotheses. Generally speaking, it may be said that the first hypothesis is based upon the testimony in behalf of the defendant, and the second upon the testimony of the plaintiff. Under the first hypothesis, the court in this instruction reduced the agreement to a nullity. Under the second hypothesis, it did likewise. Under either hypothesis, therefore, the contract was found to be a nullity. If a nullity on either ground, it ought to have been peremptorily withdrawn from the jury. There is further trouble over the second hypothesis, the first sentence of which reads, in part, as follows:

"If, however, such contract was made, and you believe that the intention of such agreement was to extend to the plaintiff extra facilities for the shipment of his stock," etc.

There was no evidence of any contract, except the contract pleaded and testified to by the plaintiff. Such con-

tract as testified to did contemplate extra facilities for the plaintiff. The connection which was to be made with a train on the main line at Spencer was not a regular connection. It could not be made unless the train on the main line should be itself delayed two or three hours. The implication of this part of the instruction was that, even though the oral contract was made, yet it was not void if there was no intention to give the plaintiff extra facilities. If there was no intention to give the plaintiff extra facilities, what was there left of the alleged oral contract, and why should the question have been submitted to the jury at all? There is further trouble, and that is that the bills of lading which the plaintiff received, and which he put in evidence in this case, gave him express notice, as follows:

"Agents of this company are not authorized to agree that live stock reach destination at any specified time or by any particular train."

Clearly, the alleged oral agreement should have been wholly excluded from the consideration of the jury. It had no function in the case. The action is not for deception nor false representation. The action is for damages for negligent delay in the shipment. If there was negligent delay on the part of the company, that was a sufficient basis of liability.

The oral agreement of the agent, if any, added nothing to it. The giving of Instruction 5, as above set forth, was clearly prejudicial error, and requires the granting of a new trial. Some other questions are presented, but they are such as are not liable to arise on a new trial. We have no argument for appellee, and for that reason prefer to consider only such questions as are decisive of this appeal.

For the reasons indicated, the judgment below must be—*Reversed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.